In re Mary Green HARTMAN, Debtor,

Mary Green Hartman, Appellant,

v.

C. Kenneth Still; Alliance Mortgage Company; Federal National Mortgage Association, Appellees.

No. 00–6072.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Mary Green Hartman, a Tennessee resident proceeding pro se, appeals a district court order affirming various orders of the bankruptcy court. Hartman has filed a motion to recover the appellate filing fee.

This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a foreclosure sale of her residence at 7106 Shirley Lane, Hixon, Tennessee, and in order to prevent Alliance Mortgage Company ("Alliance") from taking possession of her home, Hartman filed a voluntary Chapter 13 petition for bankruptcy relief on August 21, 1998. Her case was dismissed on September 3, 1999, for her failure to formulate a confirmable plan. Hartman appealed the September 3, 1999 order, and various other bankruptcy court orders regarding the handling of her Chapter 13 case, to the district court. The district court affirmed the bankruptcy court's various orders in an order filed June 9, 2000. This timely appeal followed.

■■■ The standard of review for a bankruptcy appeal is somewhat different from that of a typical appeal. Initially in a bankruptcy case, the bankruptcy court makes findings of fact and conclusions of law. "The district court then reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997) (citing Bankr.R. 8013). This court in turn reviews the bankruptcy court's findings of fact under a clearly erroneous standard of review and the district court's legal conclusions de novo. *Id.* (citing *First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 717 (6th Cir.1992)). "A factual finding will only be clearly erroneous when, although there is evidence to

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken- tucky, sitting by designation.

support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ayen,* 997 F.2d 1150, 1152 (6th Cir.1993) (citations omitted).

Upon review, we conclude that the bankruptcy court's findings of fact are not clearly erroneous nor its conclusions of law incorrect. The record contains ample evidence supporting the bankruptcy court's rulings in the various orders from which Hartman appeals.

Accordingly, the motion to recover the appellate filing fee is denied, and the district court's order affirming the various orders of the bankruptcy court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.